UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER OSWALDO QUIROGA PARDO,<br><br>                           Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, Department of Homeland Security, et al.,<br><br>                        Respondents. | Case No.:  3:26-cv-2134-CAB-MMP<br><br>**ORDER GRANTING A WRIT OF HABEAS CORPUS** |

       Pending before the Court is Petitioner Walter Oswaldo Quiroga Pardo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition").] Petitioner alleges that he was placed in removal proceedings in February 2023 and released from immigration custody on his own recognizance under 8 U.S.C. § 1226(a). [*Id.* at 6.] He was later re-detained. [*Id.*] Petitioner claims that his detention violates the Due Process Clause of the Fifth Amendment. [*Id.* at 7.]

       Respondents do not contest any of Petitioner's asserted facts. [Doc. No. 5.] Nor do Respondents make any legal arguments against Petitioner's claim that his re-detention violates the Due Process Clause of the Fifth Amendment. [*Id.*] Instead, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [*Id.* at 3.]

1

In light of Petitioner's unrefuted facts and legal claim under the Fifth Amendment, the Court **GRANTS** a writ of habeas corpus based on the reasoning the Court has articulated in similar cases. *E.g.*, *Tokhi v. LaRose, et al.*, Case No. 3:26-cv-0803-CAB-VET (S.D. Cal. Feb 19, 2026). The Court therefore **ORDERS** Respondents to immediately release Petitioner under the same conditions of release that existed immediately prior to his recent re-detention.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: April 9, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-2134-CAB-MMP